UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ROBERT WILSON,

                Petitioner,

        -against-

BRIAN FISCHER,

                Respondent.
-------------------------------------------------------x

NOT FOR PUBLICATION
**ORDER**
05-CV-4244 (CBA)

AMON, United States District Judge.

On August 29, 2005, petitioner filed the instant petition *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 1997 Queens County conviction. Petitioner has paid the filing fee to bring this action. For the reasons set forth below, petitioner is directed to submit an affirmation to show cause why the petition should not be dismissed as time-barred, within 60 days of the date of this order.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") signed into law on April 24, 1996, provides in relevant part that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d); see Lindh v. Murphy, 521 U.S. 320, 327 (1997) (interpreting § 2244 to apply "to the general run of habeas cases . . . when those cases had been filed after the date of the Act.").

Petitioner's instant application for habeas corpus relief pursuant to 28 U.S.C. § 2254 may be time-barred under the Act. Petitioner alleges that he was convicted on May 6, 1997. (Petition at 1, ¶ 2.) The Appellate Division, Second Department, affirmed the conviction on August 5, 2002. People v. Wilson, 297 A.D.2d 298, 745 N.Y.S.2d 921 (2d Dept. 2002). On November 26, 2002, the New York State Court of Appeals denied petitioner leave to appeal. See People v. Wilson, 99 N.Y.2d 541 (2002). A petitioner's judgment of conviction becomes final 90 days from the date the New York State Court of Appeals denies leave to appeal. See Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001), cert. denied, 534 U.S. 924 (2001). Therefore, petitioner's conviction became final on or about February 24, 2003.

Petitioner alleges that on October 18, 2003, he filed a motion pursuant to N.Y. Crim. Pro. Law 440.10 ("440"), which was denied on July 6, 2004, and on October 27, 2004, leave to appeal was denied. (Petition at 4, ¶ 11 (a); Pet. Exhibit 9.) On November 9, 2004, petitioner filed a motion to reargue the July 6, 2004, decision denying his 440 motion. (Petition at 4-5, ¶ 11 (b).) By Order dated January 27, 2005, Supreme Court Justice Richard L. Buchter, Queens County, granted the motion to reargue the 440, but adhered to the court's original decision denying relief.

2

(See Pet. Exhibit 10, People v. Wilson, Ind. No. 417-94, slip op. (Sup. Ct. Queens County, January 27, 2005).)

Petitioner is advised that filing a post-conviction motion does not start the one-year statute of limitations period to run anew. 28 U.S.C. § 2244(d)(2). Rather, the tolling provision under § 2244(d)(2) applies only if petitioner's post-conviction motions were pending within the one-year grace period and merely excludes the time the motion was under submission from the calculation of the one-year statute of limitations. Smith v. McGinnis, 208 F.3d 13, 16–17 (2d Cir. 2000) (per curiam).

Here, the limitations period ran for 236 days from February 24, 2003, the date petitioner's conviction became final until October 18, 2003, the date petitioner filed his 440 motion. The 440 motion tolled the AEDPA's statute of limitations until the denial of the final appeal in the post-conviction proceedings on January 27, 2005. As of January 28, 2005, the date the statute of limitations resumed running, petitioner had 129 days remaining before the end of the one-year AEDPA limitations period (i.e. one year or 365 days minus the 236 days that had already run). Thus, the statute of limitations period expired on June 6, 2005.

Petitioner did not file the instant petition until August 29, 2005, and therefore the petition appears to be time-barred. However, the statute of limitations period may be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) *(per curiam)*, cert. denied, 531 U.S. 840 (2000) (citing Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996)), and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Id. (citing Johnson, 86 F.3d at 12); see also Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000) (confiscation of legal papers is sufficient to establish potential basis for equitable tolling).

3

Petitioner is hereby directed to show cause by affirmation, within 60 days from the date of this order, why the statute of limitations should not bar the instant petition.[1] Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000) (petitioner is entitled to notice and an opportunity to be heard before the Court dismisses a petition as time-barred). This Court's order of October 13, 2005 directing respondents to show cause why a writ of habeas corpus should not be issued is hereby rescinded. No response shall be required at this time and all further proceedings shall be stayed for 60 days for petitioner to comply with this order. Should petitioner have a basis to ask the Court to equitably toll the statute of limitations, he shall present the facts to the Court in his affirmation. If petitioner fails to comply with this order within the time allowed, the instant petition shall be dismissed as time-barred.

SO ORDERED.

/S/HON· CAROL B. AMON
CAROL B. AMON
United States District Judge

Dated: Brooklyn, New York
October 26, 2005

---

[1] An affirmation form is attached to this order for petitioner's convenience.